IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMEY GOODING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. |
| PORTFOLIO RECOVERY ASSOCIATSE, LLC | ) ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, JAMEY GOODING ("Plaintiff"), through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the North Carolina Collection Agency Act, § 58-70, et seq. ("NCCAA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Charlotte, Mecklenburg County, North Carolina.

8. Plaintiff is a consumer as that term is defined by the FDCPA and NCCAA.

9. Plaintiff allegedly owes a debt as that term is defined by FDCPA and NCCAA.

10. Defendant is a debt collector as that term is defined by FDCPA and NCCAA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a debt collection agency located in the City of Norfolk, State of Virginia.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. Defendant attempted to collect a debt within the State of North Carolina.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged debt from Plaintiff originating from a loan with Citibank/Home Depot.

21. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

22. The last activity on the account was in or around 2013.

23. The statute of limitations to file a lawsuit to collect the alleged debt ran in or around 2016.

24. Defendant calls Plaintiff's telephone number at xxx-xxx-8004, in an attempt to collect the alleged debt.

25. Within the past year, Plaintiff has answered several of Defendant's calls and spoke to Defendant's collectors.

26. During the aforementioned conversations:

    a. Plaintiff identified himself;

    b. Plaintiff asked Defendant's collector to identify themselves and who they were calling from;

    c. Defendant's representatives refused to identify themselves and refused to state that they were calling from Portfolio Recovery Association;

    d. Plaintiff requested that Defendant stop calling him.

27. Despite the foregoing, Defendant continued to call and email Plaintiff unabated, including but not limited to August 29 and 30, 2022, and thereafter.

28. Defendant is or should be familiar with the FDCPA.

29. Defendant knows or should know that the FDCPA requires proper disclosure of a caller's identity when calling regarding an alleged debt.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and re-alleges paragraphs 1-29 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

31. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant's collectors refused to identify where they were calling from; when Defendant continued to call Plaintiff despite Plaintiff's request for Defendant to stop calling; when Defendant attempted to collect a time-barred debt; and when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that Defendant could not sue Plaintiff to collect the debt, that a partial payment could restart the statute of limitation, and that a promise to pay could restart the statute of limitations;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engage in any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff despite Plaintiff's request for Defendant to stop calling;

    c. Defendant violated §1692d(6) of the FDCPA by placing a telephone call to Plaintiff without meaningful disclosure of the caller's identity, when Defendant's collectors called Plaintiff and refused to identify Defendant's collection agency;

d.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff's request for Defendant to stop calling him, and when Defendant engaged in at least the following discrete violations of § 1692e;

e.  Defendant violated § 1692e(2) of the FDCPA by its false representation of the character, amount, or legal status of any debt, when Defendant attempted to collect a time-barred debt, and when Defendant attempted to collect from Plaintiff a time-barred debt without disclosing to Plaintiff that Defendant could not sue Plaintiff to collect the debt, that a partial payment could restart the statute of limitation, and that a promise to pay could restart the statute of limitations;

f.  Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant attempted to collect a time-barred debt from Plaintiff without disclosing to Plaintiff that Defendant could not sue Plaintiff to collect the debt, that a partial payment could restart the statute of limitation, and that a promise to pay could restart the statute of limitations;

g.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, JAMEY GOODING, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATION, LLC, for the following:

32. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

34. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE
## NORTH CAROLINA COLLECTION AGENCY ACT

35. Plaintiff repeats and re-alleges paragraphs 1-29 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

36. Defendant violated the North Carolina Collection Agency Act based on the following:

    a. Defendant violated § 58-70-100 of the North Carolina General Statutes by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant's collectors refused to identify where they were calling from; when Defendant continued to call Plaintiff despite Plaintiff's request for Defendant to stop calling; when Defendant attempted to collect a time-barred debt; and when Defendant attempted to collect a time-barred debt without disclosing to Plaintiff that Defendant could not sue Plaintiff to collect the debt, that a partial payment could restart the statute of limitation, and that a promise to pay could restart the statute of limitations;

    a. Defendant violated § 58-70-110 of the North Carolina General Statutes by attempting to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation, when Defendant attempted

6

to collect a time-barred debt from Plaintiff without disclosing to Plaintiff that Defendant could not sue Plaintiff to collect the debt, that a partial payment could restart the statute of limitation, and that a promise to pay could restart the statute of limitations;

b. Defendant violated § 58-70-110(4) of the North Carolina General Statutes by falsely representing the character, extent, or amount of a debt against a consumer, when Defendant attempted to collect from Plaintiff a time-barred debt without disclosing to Plaintiff that Defendant could not sue Plaintiff to collect the debt, that a partial payment could restart the statute of limitation, and that a promise to pay could restart the statute of limitations;

c. Defendant violated § 58-70-115 of the North Carolina General Statutes by attempting to collect any debt by use of any unfair practices, when Defendant engaged in all of the conduct alleged herein;

d. Defendant violated § 58-70-115(1) of the North Carolina General Statutes by attempting to collect on a debt when the collection agency knows, or reasonably should know, that such collection is barred by the applicable statute of limitations, when Defendant attempted to collect from Plaintiff a time-barred debt.

37. Defendant's actions constituted an unfair act by engaging in the above-referenced misconduct in or affecting commerce because Defendant is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, JAMEY GOODING, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATION, LLC, for the following:

38. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 58-70-130;

39. Punitive damages pursuant to North Carolina General Statute § 58-70-130;

40. Costs and reasonable attorneys' fees; and

41. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

July 20, 2023  By: /s/ Shireen Hormozdi Bowman
Shireen Hormozdi Bowman
Hormozdi Law Firm, PLLC
North Carolina Bar No. 47432
1770 Indian Trail Road, Suite 175
Norcross, GA 30093
Tel: 678–395-7795
Cell: 678-960-9030
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com